## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION HEALTH AND WELFARE FUND, ET. AL<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SERVICE INDUSTRIES, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:08-cv-00913-RBW<br>)<br>)<br>)<br>)<br>) |

### ANSWER TO COMPLAINT

Defendant, United States Service Industries, Inc. ("Defendant"), by its undersigned attorneys, hereby answers the Complaint in this action as follows:

### Introduction, Jurisdiction and Venue

1.      Defendant admits that Plaintiffs have brought this action under the statutes cited in Paragraph 1, but denies that Defendant is liable to Plaintiffs or has violated any of the statutes cited in Paragraph 1.

2.      Defendant admits the allegations contained in Paragraph 2.

3.      Defendant admits the allegations contained in Paragraph 3.

### Parties

4.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 and, therefore, denies these allegations.

5.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 and, therefore, denies these allegations.

6.      Defendant admits the allegations contained in Paragraph 6.

7.      Defendant admits that it has offices at 4330 East West Highway, Bethesda, Maryland, 20814, and is incorporated in the state of Delaware, but denies the remaining allegations in Paragraph 7.

## Factual Background

8.      Answering the first sentence of Paragraph 8, Defendant admits that some of its employees are represented by SEIU Local 32BJ, but denies that all of its employees are so represented.  Answering the second sentence of Paragraph 8, Defendant admits the same.

9.      Answering Paragraph 9, Defendant admits that it had employees who were covered by a collective bargaining agreement with the Union covering Washington, D.C. with a term of May 1, 2003 through April 30, 2008, but is without sufficient information to admit or deny and, therefore, denies that a "true, correct copy" of this collective bargaining agreement is attached to the Complaint as Exhibit 1 and denies all other allegations in Paragraph 9.

10.      Paragraph 10 states legal conclusions to which no response is required.  To the extent these allegations are deemed not to be legal conclusions, they are denied in their entirety.

11.      Answering the first sentence of Paragraph 11, Defendant denies the same. Answering the second sentence of Paragraph 11, Defendant admits that it has remitted monies to the SEIU Health & Welfare Fund ("Fund") in response to remittance reports received from the Fund, but denies the remaining allegations in Paragraph 11.

12.      Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 12.

13.      Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 13.

14.    Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 14.

15.    Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 15.

16.    Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 16.

17.    Defendant denies the allegations contained in Paragraph 17.

18.    Defendant denies the allegations contained in Paragraph 18.

19.    Answering the first sentence of Paragraph 19, defendant denies the same. Answering the second sentence of Paragraph 19, Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained therein.

20.    Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 20.

21.    Defendant admits that it has met with Fund representatives in an effort to resolve this matter and that the matter has yet to be resolved, but denies the remaining allegations contained in Paragraph 21.

22.    Defendant denies the allegations contained in Paragraph 22.

23.    Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 23.

24.    Paragraph 24 states legal conclusions to which no response is required.  To the extent these allegations are deemed not to be legal conclusions, they are denied in their entirety.

25.     Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 25.

## COUNT I

26.     Defendant restates and realleges its responses to Paragraphs 1 through 25 of the Complaint as if fully restated herein.

27.     Defendant admits that Plaintiffs have brought this claim under the statutory provisions cited in Paragraph 27, but denies that Defendant is liable to Plaintiffs or has violated any of the statutory provisions or statutes cited in Paragraph 27.

28.     Defendant denies the allegations contained in Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant is without sufficient information to admit or deny and, therefore, denies the allegations contained in Paragraph 30.

31.     Defendant denies that it has failed to submit any amounts allegedly owed the Fund, and is without sufficient information to admit or deny and, therefore, denies the remaining allegations contained in Paragraph 31.

32.     Defendant admits that it received letters from Fund representatives prior to commencement of this action, but denies the remaining allegations contained in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33.

The WHEREFORE portion of the Complaint contains Plaintiffs' judgment demand, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint or to any other relief.

All allegations not heretofore admitted or denied are specifically and fully denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted, including but not limited to failing to state the purported basis for Defendant's alleged obligation under any allegedly applicable collective bargaining agreement(s) to make the contributions that it allegedly did not make.

2.      Plaintiffs' Complaint, in whole or in part, should be dismissed because Plaintiffs' claim is barred by the applicable statute of limitations.

3.      Plaintiffs' Complaint, in whole or in part, is barred by the doctrine of laches.

4.      Plaintiffs' Complaint, in whole or in part, is barred by the parties' course of dealing.

5.      Plaintiffs' Complaint, in whole or in part, is barred by the doctrine of estoppel.

6.      Plaintiffs lack standing to bring some or all of the claims set for in their Complaint.

7.      Plaintiffs have, in whole or in part, failed to exhaust internal grievance and arbitration procedures that are the exclusive forum for resolving their claim.

8.      Plaintiffs have failed to mitigate their alleged damages.

9.      Plaintiffs claims are barred by the lack of an applicable participation agreement with the Fund.

10.      Defendant specifically reserves the right to amend this Answer to add or delete affirmative defenses and/or counterclaims as additional investigation, discovery or circumstances may warrant.

WHEREFORE, Defendant prays that:

1.      Plaintiffs' Complaint be dismissed with prejudice in its entirety, and that judgment be entered in Defendant's favor.

2.      The Court deny Plaintiffs' requested relief.

3.      The Court award Defendant its costs and attorney's fees.

Respectfully submitted,

UNITED STATES SERVICE INDUSTRIES, INC.

By:  /s/ Charles F. Walters
Charles F. Walters, # 444529

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)
Its Attorneys

Dated:  July 3, 2008